The opinion of the court was delivered by
GibsoN, J.
There is a count, in this indictment,, for an assault and battery, which is good in form, and which therefore is, at all events, sufficient to support the judgment; but, as the opinion of the court is desired on a point mooted in the cause, viz. Whether an indictment can be supported for a contempt of a justice of the peace, which, though short of a breach of the peace, yet amounts to an obstruction of'the execution of his office, it is proper to say, we have no difficulty in pronouncing an opinion in the affirmative. It does not follow, that because such a contempt may not be punished by attachment, it may not be punished at all. The proposition is an unreasonable one on the face of it. Every obstruction of an officer, in the execution of his office, is a public injury, and, unless where the legislature has directed otherwise, is indictable. Indeed, were it necesssary to the due administration of the laws, that justices of the peace should have the power of commitment for contempt, I would not hesitate to declare, that the grant of the office carried with it as an incident, all ancillary power which should be necessary to its complete execution. But, as punishment of contempts by indictment, is commensurate with this object, I am content that the law, in this respect, be held here as it is in England. By treating such contempt as an indictable offence, we put it in the power of the justice to hold the offender to bail, to answer to a prosecution and be of good behaviour in the meantime, and to commit him in default of finding bail; which is sufficient to prevent a repetition of the offence. It is, therefore, unnecessary to *177 the administration of justice, that a justice should exercise the high power of punishing by attachment, which, in the hands of many magistrates, might become a public grievance. But that to obstruct a magistrate in the execution of his office is an indictable offence, is a proposition about which it is impossible to doubt; did the cause rest on this point alone, we would still be of opinion that the judgment should be affirmed.
Judgment affirmed.